**UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **Joseph Walter Melara and** | ) | **10-51385 13** |
| **Shyrell Lynn Melara,** | ) | |
| | ) | |
| **Debtors.** | ) | |
| _____ | ) | |

**ORDER AND OPINION DENYING
CONFIRMATION OF PLAN**

THIS MATTER came before the court on December 8, 2010, after due and proper notice, for a hearing on the Debtors' proposed Chapter 13 plan.  The Debtors appeared at the hearing along with their attorney, Kenneth Love. Kristin Ogburn appeared on behalf of American General Finance, Inc., and Kathryn L. Bringle appeared on behalf of the Chapter 13 Trustee. Having considered the proposed plan, the evidence offered at the hearing, and other matters of record, the court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure:

**FACTS**

The Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on July 23, 2010 (the "Petition Date"). The male Debtor has been self-employed in the construction industry for 20 years and the female Debtor receives Social Security Disability benefits. The Debtors have no dependents. According to their B22C, the Debtors have below median income in the amount of $1,567.00 per month.

On their Schedule A, the Debtors listed an interest in a 1965 Star Mobile Home (the "Mobile Home") and a 1.1 acre tract of real property (the "Real Property") located at 100 Osborne Street, Jonesville, North Carolina 28642 (collectively referred to as the "Property").

They listed the current value of the Property as $7,000.00. On Schedule D, the Debtors listed

American General Finance, Inc. ("American General") as their only secured creditor with a

claim in the amount of $17,250.00.  American General's claim is secured by virtue of a deed of

trust and security agreement, both dated August 10, 2001, and it is also listed as the first

lienholder on the certificate of title for the Mobile Home.

On September 22, 2010, the Debtors filed a notice of proposed Chapter 13 plan providing

for monthly payments to the Chapter 13 Trustee in the amount of $165.00 for 36 months. The

Debtors' plan provides for the payment of their priority debt in full and a 0% dividend to general

unsecured creditors. The Debtors propose to retain the Property at a secured value of $7,000.00

with monthly payments to be in the amount of $135.00 and interest to be paid at 5.25% per

annum.  The balance of American General's claim is classified as unsecured.  In addition, the

Debtors' plan states in relevant part:

> The Creditor holds a lien on a 1965 Star mobile home and a lien on the lot on
> which it is located. The Debtors state that the certificate for the mobile home has
> not been cancelled with the Division of Motor Vehicles and that the wheels,
> axles, and towing hitch remain on the mobile home and have not been removed.
> Additionally, no affidavit for permanent attachment under [N.C. Gen. Stat.] § 47-
> 20.6 has been filed. Consequently, the Debtors assert that 11 U.S.C. § 1322(b)(2)
> does not apply.

American General filed an objection to the Debtors' proposed plan on October 10, 2010

specifically objecting to the proposed treatment of its secured claim and requesting that its claim

be allowed as a fully secured claim in the amount of $17,318.53.

At the hearing, American General presented the written appraisal report and testimony of

Rod Shumate a North Carolina state certified real estate residential appraiser. Mr. Shumate's

appraisal, dated November 5, 2010, (the "Appraisal") is based on a physical analysis of the

Property including the Real Property and the Mobile Home with a carport and two small additions.  Utilizing a sales approach to determine value based on comparable sales of three properties in the area, the Appraisal concludes that the value of the Property is $15,000.00.  The Appraisal indicates "the subject dwelling has very little, if any market value in 'AS IS' condition with the majority of market value for the subject property being the 1.1 acre subject site...."  The three comparable sales were all in poor repair and essentially sold for the value of the lot alone, with no adjustments being made for any differences in the structures on the comparable sales.  In his testimony, Mr. Shumate indicated that he looked at vacant lot sales in Yadkin County as well.

Both the male and female Debtors also testified at the hearing. In the female Debtor's opinion, it would cost $10,000.00 to remove the Mobile Home from the Real Property. The male Debtor testified that it would cost $25,975.00 to repair the Mobile Home, including $8,092.00 for building materials, and he presented a written job estimate reflecting the same.

The Yadkin County Tax records list an assessed value of $18,854.00 for the Property, with $11,500.00 being designated for the value of the Real Property.

## ANALYSIS

Section 506(a) provides that:

> An allowed claim of a creditor secured by a lien on property in which
> the estate has an interest ... is a secured claim to the extent of the value
> of such creditor's interest in the estate's interest in such property ... and is
> an unsecured claim to the extent that the value of such creditor's interest
> is less than the amount of such allowed claim.

11 U.S.C. § 506.  Consistent with § 506, § 1322(b)(2) provides that a Chapter 13 debtor's plan may modify the rights of holders of secured claims.  Together, § 1322(b)(2) and § 1322(b)(5)

allow a debtor to bifurcate a "secured creditor's claim into secured and unsecured portions if the

amount of the claim exceeds the value of the collateral securing the claim." *In re Bradsher*, 427

B.R. 386, 388 (Bankr. M.D.N.C. 2010). Section 1322(b)(2) includes an exception to this general

rule for a claim secured only by a security interest in real property that is the debtor's principal

residence.

       As a preliminary matter, American General contends that the Property is protected by §

1322(b)(2) because the Mobile Home is affixed to the Real Property and is no longer personal

property. The court must look to North Carolina law to determine whether the Mobile Home is

personal or real property.  *In re Ennis*, 558 F.3d 343, 346 (4th Cir. 2009).  N.C. Gen. Stat. § 105-

273 (13) provides that real property, real estate, or land is any of the following:

> a. The land itself.
> b. Buildings, structures, improvements, or permanent fixtures on land.
> c. All rights and privileges belonging or in any way appertaining to the property.
> d. A manufactured home as defined in G.S. 143-143.9(6), unless it is considered tangible personal property for failure to meet all of the following requirements:
> > 1. It is a residential structure.
> > 2. It has the moving hitch, wheels, and axles removed.
> > 3. It is placed upon a permanent foundation either on land owned
> by the owner of the manufactured home or on land in which the owner of
> the manufactured home has a leasehold interest pursuant to a lease with a
> primary term of at least 20 years and the lease expressly provides for
> disposition of the manufactured home upon termination of the lease.

In addition, N.C.Gen. Stat. § 47-20.7(a) provides as follows:

> A person who owns real property on which a manufactured home has been
> or will be placed or the owner of a manufactured home who has entered
> into a lease with a primary term of at least 20 years for the real property on
> which the manufactured home has been or will be placed, as defined in
> G.S. 105-273(13), and either where the manufactured home has never been
> titled by the Division of Motor Vehicles or where the title to the
> manufactured home has been surrendered and cancelled by the Division

> prior to January 1, 2002, may record in the office of the register of deeds of the county where the real property is located a declaration of intent to affix the manufactured home to the property and may convey or encumber the real property, including the manufactured home, by a deed, deed of trust, or other instrument recorded in the office of the register of deeds.

In this case, the Mobile Home still has wheels, axis and hitch, and the certificate of title has not been cancelled.  Given these facts, the court finds that the Mobile Home is personal property as defined by North Carolina law.  Since American General's lien is not secured only by an interest in real property, it is not entitled to the protection of the antimodification provision of § 1322(b)(2).

The court must, therefore, determine the value of the Property for the purposes of the Debtors' Chapter 13 plan.  Section 506(a) provides that value is to be determined in light of the purpose of the valuation and the proposed disposition or use of the collateral.  11. U.S.C. § 506(a).  The Debtors contend that because the Mobile Home has no value, the Court should take into account the cost of removing the mobile home in determining the value of the Property.  They argue that any hypothetical purchaser of the Property would remove the Mobile Home, thus that cost should be incorporated into the value of the Property.  Here, the Debtors are proposing to retain the Property and use the Mobile Home as their residence.  The Property must be valued accordingly, not as a vacant lot with the Mobile Home removed.  Inasmuch as the Debtors are continuing to live on the Property, it is inappropriate to deduct any expenses associated with removing the Mobile Home.  Furthermore, based on both the testimony by Mr. Shumate and the Debtors, there is no value in the Mobile Home.  Therefore, it would be inappropriate to deduct the cost of repairs from the value of the Mobile Home, as it can have no value lower than zero.

After a careful review of the evidence presented, the court finds that, for the purposes of the Debtors' Chapter 13 Plan, the Property had a value of $15,000.00 on the Petition Date, and confirmation of the Debtors' proposed Chapter 13 plan must be denied.

SO ORDERED.

# SERVICE LIST

Joseph Walter Melara
Shyrell Lynn Melara
Debtors

Kenneth Love
Attorney for Debtors

Kristin Ogburn
Attorney for Creditor

Kathryn L. Bringle
Trustee